UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIRBY OFFSHORE MARINE
OPERATING, LLC,

               Petitioner,

        v.

RICHMOND TERRACE
BARGAINING UNIT,

             Respondent.

**MEMORANDUM DECISION AND ORDER**

26-cv-2194 (BMC)

**COGAN**, District Judge.

Petitioner seeks to vacate or modify an arbitration award, and respondent cross-petitions to confirm the award.  For the reasons below, the petition is denied, and respondent's cross-petition is granted.

**BACKGROUND**

Petitioner provides tugboat and barge services throughout the United States waterways. Respondent is a union that represents about 400 of petitioner's seafaring employees.  The parties are bound by a collective bargaining agreement ("CBA") which contains an arbitration clause.

In 2025, petitioner terminated an engineer, who was a member of respondent's union, after the engineer sexually assaulted a mechanic aboard a ship.  The facts surrounding the sexual assault are undisputed, in large part because they were captured on camera.  In essence, the engineer walked into a secluded room, approached the mechanic from behind, and groped the mechanic's buttocks.  The mechanic immediately reported the incident, and the engineer eventually admitted to the assault.

Petitioner terminated the engineer, and the engineer filed a grievance, alleging improper discharge.  After petitioner rejected the grievance, respondent initiated arbitration on behalf of the engineer.  The stipulated, two-part issue before the arbitrator was: "Whether [the engineer] was discharged for just cause [and] If not, what shall the remedy be?"

As to the first part, the arbitrator determined that the engineer was not a serial sexual harasser, and reasoned that the engineer's first offense was not "just cause" for his discharge.  As to the second part, the arbitrator found that petitioner "had just cause to discipline the [engineer]" and that "the [engineer] shall be returned to work and serve a period of unpaid suspension from the date of his termination until his return to work."  In other words, the arbitrator determined there was not just cause for the engineer's discharge, and the remedy would be an 8-month unpaid suspension.

Petitioner filed suit in New York court seeking to vacate the award reinstating the engineer.  Respondent removed the case to this Court and thereafter cross-petitioned for confirmation of the award.

## DISCUSSION

### I.      Legal Standard

The Court's "review of labor arbitration awards is narrowly circumscribed and highly deferential – indeed, among the most deferential in the law."  NFL Mgmt. Council v. NFL Players Ass'n, 820 F.3d 527, 532 (2d Cir. 2016).  "Under well-established standards for the review of labor arbitration awards, a federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one."  W.R. Grace & Co. v. Local Union 759, 461 U.S. 757, 764 (1983).

The Court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority[.]'"  NFL Mgmt. Council, 820

2

F.3d at 536 (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement' and is not merely the arbitrator's 'own brand of industrial justice,' it must be confirmed." Id. (quoting IBEW, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 714 (2d Cir. 1998)).

Here, however, petitioner does not argue that the arbitrator's award does not "draw its essence" from the CBA, nor that the arbitrator failed to construe or apply the CBA within the scope of her authority. Rather, petitioner seeks vacatur on public policy grounds. See E. Associated Coal Corp. v. Mine Workers, 531 U.S. 57, 62 (2000) (an arbitrator's award of "reinstatement [may] fall within the legal exception that makes [the award] unenforceable [because it] is contrary to public policy.") (quotations omitted). That is thus the only question before the Court.

## II.    Analysis

"[T]he public policy ground for vacatur is 'extremely limited.'" City of N.Y. v. Ass'n of Wall-Ceiling & Carpentry Indus. of N.Y., Inc., 826 F.3d 611, 618 (2d Cir. 2016) (quotations omitted); see, e.g., E. Associated Coal Corp., 531 U.S. at 59 (no public policy violation by arbitrator to reinstate employee who twice tested positive for illicit drugs). Such a public policy must be "well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" W.R. Grace & Co., 461 U.S. at 766 (quoting Muschany v. United States, 324 U.S. 49, 66 (1945)).

Public policy against workplace sexual harassment has warranted vacatur of arbitral awards of reinstatement. See Newsday, Inc. v. Long Island Typographical Union, 915 F.2d 840, 844 (2d Cir. 1990) (arbitrator's "award of reinstatement completely disregarded the public policy against sexual harassment in the work place."). Although "the Second Circuit has found that a single instance of offensive touching may constitute adult sexual harassment," Manfredi v.

3

Mount Vernon Bd. of Educ., 94 F. Supp. 2d 447, 454 (S.D.N.Y. 2000), this ground for vacatur is limited to repeat offenders, see Barnard Coll. v. Transp. Workers Union of Am., 801 F. App'x 40, 42 (2d Cir. 2020) ("we have only found that this public policy counsels against deference to an arbitral award when an arbitrator reinstates a terminated individual who had engaged in multiple acts of sexual harassment – including acts that had already served as the basis of prior arbitral rulings against that individual.").

Here, as petitioner recognizes, the engineer was a first-time offender, which is essentially dispositive. See id. at 42 (citing Newsday, Inc., 915 F.2d at 844). Petitioner nonetheless urges for vacatur because New York "has not created a 'one free groping' exception to the anti-harassment laws."

For support, petitioner relies on cases recognizing that even "[a] single incident of contact with an intimate body part is sufficient to establish a hostile work environment claim," Dillon v. Ned Mgmt., 85 F. Supp. 3d 639, 656 (E.D.N.Y. 2015), and that "[d]irect contact with an intimate body part constitutes one of the most severe forms of sexual harassment," Redd v. N.Y. State Div. of Parole, 678 F.3d 166, 177 (2d Cir. 2012). Thus, according to petitioner, even one act of sexual harassment violates public policy, and thus an arbitrator's reinstatement of even a first-time offender must be vacated.

Fatal to petitioner's argument is that "the question to be answered is not whether [the engineer's act] itself violates public policy, but whether the agreement to reinstate him does so." E. Associated Coal Corp., 531 U.S. at 62-63.

Here, like in Barnard Coll., 801 F. App'x at 42, the arbitrator found "no evidence that this serious incident was other than an isolated one" nor "that this is part of a pattern of inappropriate conduct on the [engineer's] part." The Court must accept those findings. See NFL Mgmt.

4

Council, 820 F.3d at 536 ("It is the arbitrator's . . . assessment of the facts that are dispositive, 'however good, bad, or ugly.'" (quoting Oxford Health Plans LLC v. Sutter, (2013))).

Even if "public policy counsels [vacating] an [award] reinstat[ing] a terminated individual who had engaged in multiple acts of sexual harassment . . . [the engineer] was being punished for only a single act." Barnard Coll., 801 F. App'x at 42. The arbitrator's imposition of an 8-month unpaid leave penalty, and putting the engineer on notice that "further incidents of this nature will lead to his termination" is "consistent with a public policy that aims to eradicate sexual harassment from the workplace." Id. Accordingly, the arbitrator's award of reinstatement did not violate public policy.

### CONCLUSION

The petition to vacate is denied, and respondent's cross-petition to confirm the arbitration award is granted.

**SO ORDERED.**

*Brian M. Cogan*

_____

U.S.D.J.

Dated:  Brooklyn, New York
        May 7, 2026

5